REDMANN, Judge
(dissenting).
The insurance contract insures “Jefferson Parish, ail departments under the direction of the Parish President & Jefferson Parish Council.” The insurer agrees:
"1. Coverage A — Bodily Injury Liability: To pay on behalf the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury, sickness or disease, including death at any time resulting therefrom, sustained by any person and caused by accident.”
The policy titles itself “Comprehensive General Liability Policy.”
I see no exclusion of coverage pertinent to the case before us.
The “Streets and Sidewalks” endorsement is, to me, unintelligible insofar as it recites that “Such insurance as is afforded under Division 1 of the Definitions of Hazards does not apply to the existence of streets and sidewalks of the named insured * * *.” The endorsement is plain in the balance of its wording, “and the definition of premises does not include such streets and sidewalks.”
The only sense I make of this endorsement is that premises will not include streets and sidewalks.
There is, as far as I find, no “Definitions of Hazards” in the policy. Thus the quoted endorsement becomes even less certain in meaning.
There is an attachment titled “Declarations M. & C.”, with one subheading “Description [not ‘Definitions’] of Hazards”, under which there follow further subheadings “1. Premises — Operations”, “2. Elevators — Number at Premises”, “3. Independent Contractors”, “4. Products— Completed Operations” and “5. Contractual — -Specified Types of Agreements.” It is argued that “1. Premises — Operations” may be what is intended by the endorsement’s wording “Division 1 of the Definitions of Hazard”.
Interestingly, the “Description of Hazards” itself asserts:
“The rating classifications under the Description of Hazards do not modify the exclusions or other terms of the policy.”
If exclusions are not modified, nor other terms of the policy such as the comprehensive liability insuring clause, I doubt that the Description of Hazards can itself be used as an exclusionary clause.
Yet, referring to the streets and sidewalks endorsement, in my opinion the most that is clear (and would therefore support summary judgment) is that streets are not premises. And if the insured’s liability was exclusively that of a premises-keeper or -owner, I would agree with the view that such liability would not be covered. At this point I observe that the first division of Description of Hazard (“Premises ■ — Operations”) is itself subdivided into three basic categories with separate premiums : “Operations — Auditable Payrolls”, “Owners, Landlords & Tenants” and “Hospital Professional Liability”. The great bulk of premium is for “Operations — Au-ditable Payrolls”.
The policy noivhere says what “Operations- — Auditable Payrolls” (nor “Owners, Landlords & Tenants” etc.) means. The only statement of what liability is insured against is the comprehensive one quoted at the beginning of this dissent. The only pertinent exclusion is that of the endorsement saying that streets are not premises. Premises appears to me (in the absence of any policy language to the contrary) to relate exclusively to the “Owners, Landlord & Tenants” description.
I have very much doubt that the insurer has not insured against the liability here alleged to exist (although I note the contract is between insurer and insured, and an alleged tort victim might be unable to object even to its reformation to conform to their intent).
*652 The policy terms are at least ambiguous. Unless the insurer presents evidence to prove the true intent of the parties, the ambiguity ought to be resolved in favor of coverage. The summary judgment was, iñ my opinion, improvidently granted and should be reversed.
Rehearing denied.
REDMANN, J., is of the opinion a rehearing should be granted.